**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, on behalf of herself and all others*
*similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

————————————————————X
:
AMBER SAROZA, on behalf of herself and all       :
others similarly situated,                                        :
:
Plaintiff,                  :    Civil Action No.
:
vs.                                                                           :    **CLASS ACTION  COMPLAINT**
:    **AND JURY TRIAL DEMAND**
UNITED RECOVERY SYSTEMS, LP,                   :
:
Defendant.              :
:
————————————————————X


Plaintiff AMBER SAROZA ("Plaintiff"), on behalf of herself and all others

similarly situated, by and through her undersigned attorney, alleges against the above-

named Defendant UNITED RECOVERY SYSTEMS, LP the following:

**INTRODUCTION**

1.      This is an action for actual and statutory damages brought by Plaintiff, an

individual consumer, against Defendant for violations of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt

collectors from engaging in abusive, deceptive, and unfair practices.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

**DEFINITIONS**

4.      As used in reference to the FDCPA, the terms "creditor," "communication," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

**JURY DEMAND**

5.      Plaintiff demands a jury trial on all issues.

**III. PARTIES**

6.      The FDCPA, 15 U.S.C. § 1692 et seq., which prohibits certain debt collection practices, provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff AMBER SAROZA is a natural person residing in Hudson County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.    Based upon information and belief, Defendant UNITED RECOVERY SYSTEMS, LP ("URS" or "Defendant") is a Limited Partnership organized under the laws of the State of Texas with its principle place of business located in Houston, Texas.

1.    Based upon information and belief, Defendant is in the business of collecting debts in this state.  Defendant's principal purpose is the collection of debts in this state, and Defendant's attempt to collect debts alleged to be due another.

2.    Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of, which is to attempt to collect debts alleged to be due another.

## CLASS ACTION ALLEGATIONS

3.    Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

4.    This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who were sent collection letters from Defendant where the creditor is Department Store National Bank and which contain at least one of the alleged violations arising from Defendant's violation of 15 U.S.C. section 1692 *et. seq.*

- The Class period begins one year prior to the filing of the original complaint.

5.    The Class satisfies all the requirements of Rule 23 of the FRCP for

maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the Defendant violated various provisions of the FDCPA, including, but not limited to: 15 U.S.C. §§1692d, 1692e and 1692f, and subsections cited therein.

    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

4

> d. Whether Plaintiff and the Class are entitled to declaratory and/or
> injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is allowed to proceed

without remedy they will continue to reap and retain the proceeds of

their ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire

  Class, thereby making appropriate final injunctive relief or

  corresponding declaratory relief with respect to the Class as a whole.

## IV. FACTUAL ALLEGATIONS

14.     Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone or Internet.

16.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

17.     Sometime prior to March 18, 2016, Plaintiff allegedly incurred a financial obligation to Department Store National Bank ("DSNB").

18.     DSNB is a "creditor" as defined by 15 U.S.C. § 1692a(4).

19.     Also prior to March 18, 2016, DSNB, either directly or through intermediate transactions, assigned, placed or transferred the DSNB obligation to Defendant for purposes of collection.

20.     At the time the DSNB obligation was assigned, placed, or transferred to Defendant such obligation was in default.

21.     Defendant caused to be delivered to Plaintiff a letter dated March 18, 2016 concerning the DSNB obligation and sought collection of an account balance of $1,412.70 from Plaintiff.  A copy of said letter is attached as **Exhibit A**.

22.     The March 18, 2016 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23.     Upon receipt, Plaintiff read the March 18, 2016 letter.

24.     The alleged DSNB obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes

25.     The March 18, 2016 collection letter states:

> Department Store National Bank will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations. Please contact your tax advisor if you have any questions.

("IRS Reporting Language")

26.     The IRS Reporting Language is false and misleading.

27.     Under 26 C.F.R. §1.6050P, an applicable entity is required to report a cancellation or discharge of indebtedness under certain circumstances when the discharge of principal is at least $600.00.

28.     However, Under 26 C.F.R. §1.6050P, there are seven exceptions to the reporting requirement

29.     Under 26 C.F.R. §1.6050P-1(d)(2) and (3), only the discharge of **principal** need be reported:

> (2) Interest. The discharge of an amount of indebtedness that is interest **is not required to be reported** under this section.

> (3) Non-principal amounts in lending transactions. In the case of a lending

transaction, the discharge of an amount other than stated principal **is not required to be reported** under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).

(emphasis added.)

30.     A collection notice is deceptive when it reasonably can be read to have two or more different meanings, one of which is inaccurate.

31.     The least sophisticated consumer would understand the first sentence of the IRS Reporting Language to mean that the creditor is required in **all circumstances** by IRS regulations to report all discharge of indebtedness to the IRS.  However, this is contrary to the requirements under the cited CFR provision.

32.     Although the Defendant had no duty to disclose any potential tax ramifications, when a Defendant chooses to give tax disclosures, it must do so in a way that will not mislead the least sophisticated consumer as to his or her tax consequences.

33.     If debt collectors are providing tax advice with regards to the reporting of forgiveness of debt, they cannot provide vague, incomplete and misleading disclosures which are inconsistent and not true.

34.     The 1099-C language included in the collection letter is ambiguous, yet the vagueness and uncertainty does not erase the fundamental mischief and deception that the statement intends to cause to the consumer.  By reading the first sentence of the IRS reporting language, the least sophisticated consumer will be led to believe that a discharge of debt must be reported to the IRS for the discharge of "any" indebtedness.

35.     Defendant's IRS Reporting Language is inherently deceptive and misleading, by giving erroneous, inconsistent and incomplete tax information.

36.     Also, the least sophisticated consumer may believe that in order to avoid

8

reporting to the IRS, he or she will be have to pay the full amount.

37.     The debt collector should also specify with respect to the balance due amount, what portion is principal and what portion is interest.  Given the Account Balance of $1,412.70 and the offer to resolve the account for 55%  of the current amount due, without the inclusion of the amount of principal and interest in the collection letter, there is no way for the consumer to know whether or not acceptance of the settlement offer would subject the consumer to IRS reporting.

38.      Any tax advice that does not specify the tax consequences as it applies to the consumer's circumstances is nothing more than a ploy to elicit a more substantial payment from the consumer than the consumer would have paid, had he or she understood the tax reporting consequences.

39.     The FDCPA does not require that tax consequences be identified in collection letters sent to consumers; but where a debt collector has chosen to threaten the debtor with tax consequences, and has done so inaccurately, the false representation causes detrimental harm to the consumer since it concretely thwarts the consumer's ability to freely navigate a course of action in response to the collection notice. The risk in this type of harm is the detrimental impact to the consumer. And such harm is precisely the kind of infringement of the consumer's best interests that the FDCPA seeks to combat.

40.     Such a statement in a collection letter also suggests to the least sophisticated consumer that failure to pay will get the consumer into trouble with the IRS.

41.     Plaintiff suffered injury in fact by being subjected to unfair and abusive

practices of the Defendant.

42.    Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

43.    Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

44.    Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

45.    Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

46.    Defendant's communication was designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

47.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits.

48.    These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

49.    Plaintiff seeks to end these violations of the FDCPA.  Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to

preliminary and permanent injunctive relief, including, declaratory relief, and damages.

50.    It is Defendant's policy and practice to send written collection communications in the form exemplified by Exhibit A in an attempt to collect consumer debts in violation of the FDCPA.

51.    Defendant used the same procedures in sending the March 18, 2016 collection letters to numerous other New Jersey consumers.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

52.    Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

53.    Defendant violated 15 U.S.C. § 1692d of the FDCPA by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

54.    Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempt to collect a debt from Plaintiff.

55.    Defendant violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount or legal status of the debt.

56.    Defendant violated 15 U.S.C. §1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

57. Defendant violated 15 U.S.C. §1692e(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

58. Defendant violated 15 U.S.C. §1692f by using unfair and unconscionable means to collect or attempt to collect on a debt.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:  March 20, 2017                    Respectfully submitted,

By: s/ Lawrence C. Hersh
    Lawrence C. Hersh, Esq.
    17 Sylvan Street, Suite 102B
    Rutherford, NJ  07070
    (201) 507-6300

    *Attorney for Plaintiff on behalf of herself*
    *and all others similarly situated*

12

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated:   March 20, 2017                 By: <u>s/ Lawrence C. Hersh</u>
                                             Lawrence C. Hersh, Esq.

EXHIBIT A



WWW.URSI.COM

PO BOX 4044
CONCORD CA 94524-4044

|||| ||| |||| |||| ||| |||| |||| |||| |||| |||| |||| ||| ||||| ||| ||||

March 18, 2016

ADDRESS SERVICE REQUESTED

||||·||··|||·|··||||··||·||·|||·|||·|··|·||·||·|··||··|·||||

Amber Saroza



| |
|---|
| Date: March 18, 2016 |
| Creditor:  Department Store National Bank |
| Account:  XXXXXX8239 |
| URS ID: |
| Amount Due:  $1,412.70 |
| Telephone: 866-244-0774, ext 8601 |
| Partial Account Number for Your Security |

United Recovery Systems, LP
PO BOX 722910
HOUSTON TX 77272-2910
|·||||·|·||·|·|·|||·|||·|||·|·||·|·|||||·|·|·|·|···|||||·|||·|·||

Please detach at perforation and return with your payment.

## AN OFFER FOR YOU IN THESE DIFFICULT ECONOMIC TIMES

The creditor referenced above is authorizing us to offer you the opportunity to settle your MACY'S account for 55% of the above balance due, equal to $776.99. Please make your payment payable to the creditor.

During this current economic situation you, like many others, may not have the settlement amount requested. We understand your situation and are willing to discuss other options for repayment – an arrangement that is better suited to your financial resources, and that will resolve this debt at the same time. Please call us at the toll-free number shown above!

This settlement offer will be valid for at least 41 days after your receipt of this letter and as long as our client, referenced above, continues to authorize this office to accept this amount. We are not obligated to renew this offer.

Department Store National Bank will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations. Please contact your tax advisor if you have any questions.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: Obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from a debt collector. We are required to inform you that this is an attempt to collect a debt, and any information obtained will be used for this purpose.

Sincerely,

James Stauber
866-244-0774, ext 8601
United Recovery Systems, LP
P.O. Box 722910
HOUSTON TX 77272-2910

| |
|---|
| If you write to us and ask us to stop communicating with you about this debt, we will, but if you owe this debt, you will still owe it and the debt may still be collected from you. If you have a complaint about the way we are collecting this debt, you may write to our Contact Center, 5800 North Course Drive, Houston, TX 77072 or call our toll-free Complaint Hotline at (800) 326-8040 between 7 AM and 4 PM (Central Time) Monday-Friday. |

Telephone: 866-244-0774, ext 8601

Office Hours (all times Central)
Monday-Thursday: 8 AM to 9 PM • Friday: 8 AM to 4 PM • Saturday: 7 AM to 11 AM

*-056802070-*

¡Traducción en español al lado reverso!

URS07171-0318-712318300-02793-2793